```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Christopher Shaimas, Byron      :
Martin,                         :
          Plaintiffs,           :
                                :
     v.                         :    File No. 1:07-CV-26
                                :
Catholic Diocese of Burlington, :
Camp Tara, Catholic Charities   :
of Vermont, Woodside Detention  :
Center, John Does 1 and 2,      :
          Defendants.           :
```

                                ORDER
                          (Papers 1 and 2)

   Plaintiffs Christopher Shaimas and Byron Martin, each of whom are Vermont inmates proceeding *pro se*, seek to file a complaint claiming that Shaimas was sexually abused as a child. The plaintiffs have moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and have submitted affidavits that make the showing required by § 1915(a). Accordingly, the plaintiffs' motions to proceed *in forma pauperis* (Papers 1 and 2) are GRANTED. 28 U.S.C. § 1915(a).

   When a court grants an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that it conduct an initial screening to ensure that the complaint has a legal basis. See 28 U.S.C. §§ 1915(e)(2), 1915A(a). A court must dismiss the complaint *sua sponte* prior to ordering the issuance and service of process if it determines that the allegations of poverty are untrue, or that the complaint is (1) frivolous or

malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Final dismissal is appropriate when amendment of the complaint would be futile or when the substance of the claim pleaded is frivolous on its face.  See Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  An action is "frivolous" when either: "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or "the claim is 'based on an indisputably meritless legal theory.'"  Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

    Having conducted the screening required by § 1915, the Court finds that Byron Martin is not a proper party in this case.  Martin claims that since spending time with Shaimas in prison, he has lived through Shaimas's experience "vicariously."  Martin also explains that he has provided Shaimas with legal assistance, and has helped "Mr. Shaimas's psychological and physical dilemma by listening."

    Notwithstanding Martin's alleged efforts on Shaimas's behalf, Martin has failed to show that he suffered an injury as a direct result of the defendants' alleged conduct.  Absent

such an injury, Martin has no standing to bring a claim.  See Allen v. Wright, 468 U.S. 737, 751 (1984) ("A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.").  Accordingly, Martin's claims are DISMISSED.

Shaimas's claims, however, may proceed.  Pursuant to 28 U.S.C. § 1915(b)(1), Shaimas is required to pay the statutory filing fee for this action.  Because he has virtually no funds, the initial filing fee is waived.  Hereafter, Shaimas is obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to his prison trust account.  By separate order, these payments shall be collected by the Vermont Department of Corrections, or its designee, each time the amount in Shaimas's prison trust account exceeds $10.00, and forwarded to the Clerk of the Court until the full amount is collected or Shaimas is released, whichever occurs first.  28 U.S.C. § 1915(b)(2).

If the allegations in the complaint are substantiated, Shaimas may have an opportunity to prevail on the merits of this action.  The following paragraphs are intended to assist *pro se* litigants by identifying for them certain requirements of this Court.  Failure to comply with these requirements may result in the dismissal of the complaint.

3

Because the plaintiff is not represented by a lawyer, he is reminded that the Federal Rules of Civil Procedure require him to mail to the lawyer(s) for the defendants a true copy of <u>anything</u> he sends to the Court.  Failure to do so may result in dismissal of this case or other penalties.  Anything filed with the Court should specifically state that it has been sent to the lawyer(s) for the defendants.  The plaintiff should keep a true copy of everything he sends to the defendants or the Court.

Each party shall keep the Court apprised of a current address at all times while the action is pending.  Notice of any change of address must be filed promptly with the Court and served on other parties.

As this case proceeds, it is possible that the defendants may file a motion for summary judgment.  The Second Circuit requires that a *pro se* litigant be provided notice "of the nature and consequences of a summary judgment motion."  <u>Vital v. Interfaith Med. Ctr.</u>, 168 F.3d 615, 621 (2d Cir. 1999); <u>see also</u> <u>Sellers v. M.C. Floor Crafter</u>, 842 F.2d 639 (2d Cir. 1988).  A motion for summary judgment made by the defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure is a request for judgment in their favor without a trial.  The motion will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the

defendants to judgment as a matter of law.  All assertions of material fact in the defendants' motion will be taken as true by the Court unless contradicted by the plaintiff.  <u>See</u> <u>McPherson v. Coombe</u>, 174 F.3d 276, 281 (2d Cir. 1999).  In short, failure to contradict those factual assertions may result in the entry of summary judgment against the plaintiff which, of course, would end the case.

To contradict or oppose the defendants' motion for summary judgment, the plaintiff must show proof of his claims.  The plaintiff may do this in one or more of the following ways.  Most typically, a plaintiff may file and serve one or more affidavits or declarations setting forth the facts that would be admissible in evidence and that he believes prove his claims or counter the defendants' assertions.  The person who signs each affidavit must have personal knowledge of the facts stated within the affidavit.

Alternatively, a plaintiff may rely on statements made under penalty of perjury in the complaint if the complaint shows that the plaintiff has personal knowledge of the matters stated, and if the plaintiff calls to the Court's attention those parts of the complaint upon which he relies to oppose the defendants' motion.  A plaintiff may also rely upon written records, but must prove that the records are what he claims they are.  Finally, a plaintiff may rely on all or any

part of deposition transcripts, answers to interrogatories, or admissions obtained in this proceeding.  <u>See</u> Fed. R. Civ. P. 56(e).[1]  If there is some good reason why the necessary facts are not available to the plaintiff at the time required to oppose a summary judgment motion, the Court will consider a request to delay consideration of the defendants' motion.

The plaintiff should always file a response to a motion by a defendant.  In particular, in the event a defendant files a motion for summary judgment as discussed above, or moves to dismiss the complaint, a failure to respond may result in the dismissal of the case.

In accordance with the above, it is hereby ORDERED that:

1.  The plaintiffs' motions for leave to proceed *in forma*

---

[1] Rule 56(e) of the Federal Rules of Civil Procedure states:
> (e) Form of Affidavits; Further Testimony; Defense Required.  Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*pauperis* (Papers 1 and 2) are GRANTED.  The plaintiffs may file, and the Clerk of the Court shall accept, their complaint without prepayment of the required fees, and the plaintiffs shall not be required to pay the fees for service of the complaint.  Service of process shall be effected by the U.S. Marshal Service.  <u>See</u> Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

    2.  Any and all claims brought by plaintiff Byron Martin are DISMISSED.

    3.  Shaimas is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this Court's order, filed concurrently herewith.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 22nd day of February, 2007.

                              <u>/s/ J. Garvan Murtha</u>
                              J. Garvan Murtha
                              United States District Judge